ALVAREZ ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Guayama.

No. 17.—Decided February 28, 1907.

PUBLIC WATERS—CONCESSIONS FOR IRRIGATING PURPOSES—RECORD.—Although administrative concessions of public waters for irrigating purposes, or for other special purposes, are titles which are recordable in the registry of property, nevertheless, as they do not authorize the concessionaires freely to dispose of the waters, but for the special use for which they are granted, such concessions cannot be recorded separately, but only in relation with the property for the benefit of which they are granted and as an inherent right pertaining thereto.

ID.—PRIVATE OWNERSHIP OF WATERS.—The foregoing doctrine is not applicable to contracts in regard to the private ownership of waters, as they may be freely disposed of, and titles thereto are recordable in the registry of property provided they modify in some way the powers of ownership of real property.

ID.—In the case at bar the property, for the irrigation of which and the use of waters for which the water concessions were granted, and which said water concessions appellants seek to record in their favor separately and independently of the property, not being recorded in the registry in their favor, the admission thereof to record must be denied.

The facts are stated in the opinion.

*Mr. López Landrón* for appellants.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Rafael López Landrón, on behalf of Guillermo Alvarez and the Estate of Ciprián Blondet, from a decision of the Registrar of Property of Guayama, refusing to record two concessions of public waters.

By resolution of September 15, 1873, of the superior civil government of this Island, Guillermo Álvarez and Ciprián Blondet, owners of the Adela plantation, in the municipal district of Patillas, were authorized to take 32 liters of water per second from the Real River, for the purpose of irrigating 41 hectares, 55 ares, and 61 centiares of land belonging to said Adela plantation, it being understood that this amount of water included that necessary to supply the machinery and factories, subject to the conditions stipulated in said concession, which included the condition that the concessionaires would be subject to all the obligations of a general character which the Law of Waters then in force prescribed in this connection, and that they would likewise enjoy the benefits and rights to which they were entitled thereunder; and by another resolution of June 10, 1876, of the same superior government, Ciprián Blondet, as the owner of the Adela plantation, was authorized to use, in addition to the 32 liters granted for the irrigation of the said plantation, 150 liters additional of the water of the said river, for the purpose of moving the hydraulic wheel used in the manufacture of sugar on said plantation, under the condition, among others, that upon the water granted having been collected for distribution in the reservoir shown in the plan attached to the petition, a gauge would be established for the 32 liters for irrigation, the remaining water running through the canal leading to the hydraulic wheel and then being returned by the shortest route, without reduction, to the channel of the river, as shown in the

plans, after having produced its effect on the machinery, and that the entire line of canals comprised between the intake and outlet of the water, would be built with the proper care to prevent loss of water by overflow or filtration.

Upon presentation in the Registry of Property of Guayama for record of two certified copies of the said concessions, issued by the chief of the Division of Archives of the Department of the Interior, where the originals were on file, countersigned by the commissioner of said department, the record thereof was refused by the registrar of property on the grounds set forth in the decision appearing at the end of said certified copies, which decision reads as follows:

"The record of the foregoing documents is denied, on the ground that there is at present no plantation by the name of Adela in the municipal district of Patillas, inasmuch as the plantation of that name was sold in different sections, the record of one of them being in favor of Messrs. Fantauzzi Hermanos, showing that in the sale of this section made by Hipólito Gautier, who had acquired the plantation of the Estate of Ciprián Blondet at public sale, there were included the works connected with an irrigation canal to take 32 liters of water per second from the Real River. A cautionary notice of this refusal is entered at folio 228 of volume 2, of Patillas, estate No. 88, record letter A.—Guayama, September 27, 1906."

From this decision, Attorney Rafael López Landrón took an appeal to this Supreme Court, on behalf of Guillermo Álvarez and the Estate of Ciprián Blondet, seeking the reversal of said decision and an order to the registrar to make the special, separate and independent record of the said concessions of public waters from the Real River, in favor of the concessionaires, Blondet and Álvarez, according to the terms and conditions thereof.

Although according to article 27 of the Regulations for the execution of the Mortgage Laws, in relation with article 2 thereof, administrative concessions of public waters for irrigation or other special uses constitute recordable instruments in the registry of property, as they do not authorize the con-

cessionaries to freely dispose of the water, but only to make use thereof for the special purposes for which it was granted, as provided by article 153 of the Law of Waters of February 5, 1886, in force, in prescribing that "the water granted for a special use, cannot be applied to a different use without the institution of proceedings, as if a new concession were involved," it is evident that they cannot be recorded alone as the appellants seek, but must be recorded together with the plantation for the benefit of which they were granted, and as a right inherent therein, as opposed to contracts relating to waters of private ownership, which may be alienated freely, and which may be recorded provided they modify in some manner the powers of ownership over real property, as has been held by the General Directorate of Registries of Property in its decision of January 27, 1864, and in subsequent decisions.

This doctrine conforms to that established in the exposition of reasons therefor which precedes the Law of Waters of August 3, 1886, from which the law in force was derived with very few changes, and which in speaking of the common use of waters, and determining the general characteristics which separate and distinguish use from ownership, says the following:

"The latter (the ownership) is an absolute and unlimited right over the thing, which authorizes us to make such use thereof as we may please without restriction, provided the rights of others are not impaired. The owner of a thing holds it, not only to use it, but to abuse it, the public power having no right to prevent such abuse, so long as no damage is caused a third person thereby. Use, on the contrary, is a limited right, subject to the conditions imposed by the person granting it, and which does not authorize an abuse, but only the use in the form and for the purpose granted. This use is that use to which common things are destined by their nature, surrounded by the formalities which the public power considers indispensable for the purpose of avoiding conflicts and in order that such use may be enjoyed by all, when possible, and if not then by those who can

obtain therefrom or give the public the greatest benefits. For this reason the commisison never considered the concesionaires of public waters, as the real owners thereof, not even after they had been diverted from their natural channels, but as mere users limited to the object for which the waters were granted them, and always subject to the surveillance of the administration, whose duty it is to prevent any abuse and waste.''

With this doctrine agrees the opinion of the learned commentators, León Galindo y Vera and Rafael de la Escosura y Escosura, who, in commenting in volume 2 of their interesting work, upon commentaries on the Mortgage Law of Spain, article 8 thereof, and in explaining the rules which are to be observed for the record of public waters when the distribution thereof is governed by special ordinances, as is the case in Valencia, Castellón and other parts of Spain, they say the following:

''The distribution of water (in said towns) is governed by the municipal ordinances, and may be used only for the lands through which they pass, and other lands cannot be irrigated therewith. The owners of the land irrigated are not the owners of the water; so that they cannot dispose of the latter separately from the estate; they do not use the water because they have any rights therein, but because they are the owners of the land to which the irrigation naturally be-longs.''

Therefore, as the Adela plantation is not recorded in favor of Guillermo Álvarez and the Estate of Ciprián Blondet, the appellants, they cannot demand that the concessions of water from the Real River made to them by the superior civil government of this Island as owners of the said plantation, for the irrigation and use thereof, be recorded in their favor separately and independently therefrom.

In view of the legal provisions cited, the decision of the Registrar of Property of Guayama appealed from refusing the record sought, is affirmed, and it is ordered that the docu-

ments presented be returned to him together with a certified copy of this decision, for his information and the other proper purposes which may lie in law.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.